IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01121-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

DOES 1-22,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 9, 2013.**

    Before the Court is Defendant Doe No. 15's Motion to Sever and Motion to Quash Subpoena [filed July 5, 2013; docket #13]. The Motion is **denied without prejudice** for the following reasons.

    At the outset, the Court observes that Doe 15 appears interested in proceeding anonymously; however, he has neither requested nor received leave to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). If Doe 15 would like to proceed anonymously, he must first (or contemporaneously) file a motion seeking such relief.

    Second, with respect to Doe 15's request to quash, the Court notes that Doe 15 has failed to file a copy of the challenged subpoena. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.

With respect to the remainder of the motion, due to its varied requests for relief, adjudication of the single motion will likely require different standards of review and legal analyses of both dispositive and non-dispositive issues. In the interests of judicial efficiency and the proper management of its docket, the Court instructs the Doe 15 to file his remaining requests for relief each in separate motions, as applicable. *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")