IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01121-WYD-MEH

VOLTAGE PICTURES, LLC, a California Limited Liability Company,

      Plaintiff,

v.

DOES 1-22,

      Defendants

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Doe No. 15's Amended Motion to Quash  [filed July 19, 2013; docket #22] filed by Defendant Doe #15 (hereinafter "Doe #15").  The matter is referred to this Court for disposition.  (Docket #25.)  Oral argument would not materially assist the Court in its adjudication of the motion.  For the reasons set forth below and based on the record herein, Doe #15's motion is **DENIED**.

**I.**     **Background**

      A.     <u>Factual Allegations</u>

      In this case, Plaintiff alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected motion picture.  Specifically, Plaintiff alleges that its computer investigator downloaded Plaintiff's film *Maximum Conviction* from each of the IP addresses provided with the Complaint.  Exhibit A to the Complaint reflects a list of twenty-two IP addresses and, for each address, the hit dates and times

ranging from January 1, 2013 to January 19, 2013, the locations of each address in Colorado, and

the Internet Service Provider ("ISP") for each address.  (*See* docket #1-3.)

      B.      <u>Procedural History</u>

Based upon these facts, Plaintiff initiated this action on April 26, 2013, against twenty-two

Doe Defendants.  In an effort to identify the alleged infringers, Plaintiff requested permission from

the Court to serve limited, immediate discovery on the Doe Defendants' ISPs prior to the Rule 26(f)

conference.  (Docket #3.)  The Court determined that Plaintiff had shown good cause for limited

expedited discovery, and granted Plaintiff's motion in part.  (Docket #9.)  In particular, the Court

authorized Plaintiff to serve third-party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified

ISPs for the limited purpose of ascertaining the identities of the Doe Defendants as reflected by the

twenty-two IP addresses listed in Docket #3-2.  The Court directed that the subpoena be limited to

providing Plaintiff with the name, address, telephone number, email address, and Media Access

Control address of the Defendant to whom the ISP has assigned an IP address.  With each subpoena,

the Court directed Plaintiff also to serve a copy of its order.  Finally, the Court emphasized that

Plaintiff was only permitted to use the information disclosed in response to the subpoenas for the

purpose of protecting and enforcing its rights as set forth in its Complaint.  The Court cautioned

Plaintiff that improper use of this information would result in sanctions.

On July 5, 2013, Doe #15 filed a motion to sever and to quash.  The Court denied the motion

without prejudice on several grounds, including Doe #15's failure to request permission to proceed

anonymously.  Thereafter, Doe #15 filed three separate motions; however, the Court again denied

the motions without prejudice for failure to comply with D.C. Colo. LCivR 7.1A.  Doe #15 filed the

pending Motion to Quash on July 19, 2013, in conjunction with a motion to sever and motion to

proceed anonymously.   Doe #15's Motion asks the Court to quash the subpoena for three reasons: (1) Doe #15's First Amendment right to engage in anonymous file sharing; (2) the attenuation between Doe #15's possible participation in a swarm and actual copyright infringement; (3) and Doe #15's suggestion of severance.  The Court will consider each in turn.

## II.    Discussion

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated.  *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993).  Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest.  *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)).  Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena.  *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege).  Thus, even where a party has standing to quash a subpoena based on privilege or a personal right,

he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

Doe #15 asserts standing based on a privacy interest in his identifying information. However, this Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). As for privilege, the burden rests squarely on the moving party to demonstrate that a privilege exists and that the subpoena would improperly disclose such information. *Malibu Media, LLC*, 2012 WL 3089383 at *5. Here, Doe #15 invokes a First Amendment right to remain anonymous in his file- sharing. As thin as this may be, the Court will assume without finding that this interest is sufficient to confer standing upon Doe #15 to challenge the underlying subpoena. The question, then, is whether this interest is sufficient to quash the subpoena.

While anonymous internet speech, including file sharing, enjoys some protection under the First Amendment, protection is not absolute. *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248 (N.D. Ill. 2011). As a category, copyright infringement is not protected by the First Amendment. *Id.* (citing *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985)). Between these ends, courts have recognized that "defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what

appear to be meritorious copyright infringement claims." *Id.* (citing *Arista Records v. Does 1-19*, 551 F. Supp. 2d 1, 9 (D.D.C. 2008)).

The Tenth Circuit has not articulated a standard for weighing a plaintiff's need for discovery against a defendant's right to anonymous speech. According to the Court's research, a sizable percentage of other courts balancing the rights asserted in this lawsuit rely on the factors set forth in *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004). *See, e.g., Malibu Media, LLC v. Doe*, No. 2;13-cv-259-Ftm-99SPC, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013); *Patrick Collins, Inc. v. John Does 1-11, 13-18, and 20-23*, No. 12-3146, 2013 WL 395497, at *4 (E.D. Pa. Jan. 31, 2013); *First Time Videos, LLC*, 276 F.R.D. at 248-49. Thus, the Court will consider the *Sony Music* factors as follows: (1) whether Plaintiff has made a *prima facie* case of infringement; (2) the specificity of information sought from the ISP; (3) a lack of alternative means of obtaining that information; (4) a "central need" for the information in order to bring the claim; and (5) the expectation of privacy held by the objecting party. *Sony Music*, 326 F. Supp. 2d at 564-65.

Beginning with the first factor, a *prima facie* claim of copyright infringement requires a plaintiff to allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). As set forth in Plaintiff's Complaint and in the documents attached thereto, Plaintiff asserts that it owns a valid copyright in the motion picture at issue in this lawsuit and that Doe #15, along with the other Defendants, copied and distributed elements of Plaintiff's original work without Plaintiff's consent. (Dockets ##1, 1-3, 1-4.) Thus, the first factor weighs in favor of permitting discovery.

5

Considering the second factor, the Court turns to the subpoena. As authorized by the Court's April 30, 2013 order permitting early discovery, the subpoena seeks Doe #15's name, address, telephone number, email address, and Media Access Control Address. (Dockets ##9, 22-1.) Such information is specific enough to enable Plaintiff to serve process on Doe #15. *See Sony Music*, 326 F. Supp. 2d at 566.

With regard to the third factor, the Court finds that Plaintiff lacks a viable alterative means of obtaining the information sought in the subpoena. While this information is not guaranteed to produce the identity of the infringer, the Court can think of no other reasonable way of discovering the infringer than by permitting Plaintiff discovery into the identity of Doe #15, who has not disputed that he owns the IP address through which the alleged infringement occurred. The third factor weighs in favor of discovery.

The fourth factor is similar to the third insofar as it considers the centrality of Plaintiff's need for the subpoenaed information. As noted above, it is likely impossible for Plaintiff to determine who infringed its protected works without first identifying the internet subscriber to whom Doe #15's IP address is assigned. Because the information sought in the subpoena is critical to this process, the fourth factor weighs in favor of discovery.

With regard to the fifth factor, several courts have recognized that a file sharer's First Amendment right to anonymity is "exceedingly small." *Call of the Wild Movie*, *LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 349 (D.D.C. 2011) (collecting cases). In addition, "it is hard to understand just what privacy expectation [a file-sharing defendant] has after essentially opening up [his or her] computer to the world." *Patrick Collins, Inc.*, 2013 WL 395497, at *4. To the extent the fifth factor favors Doe #15 at all, its weight is minimal.

6

On balance, the Court finds that the information sought in subpoena is both relevant and necessary to Plaintiff's interest in vindicating its valid copyright through this litigation and the discovery sought herein.  Doe #15's First Amendment right to anonymous file sharing is too slight to overcome this interest.  Therefore, the *Sony Music* factors support enforcement of the subpoena.

Doe #15's two remaining arguments for quashing the subpoena are unavailing.  First, as noted above, obtaining information from the ISP is a necessary first step in Plaintiff's process of discovering the identities of alleged infringers for the purpose of enforcing its copyright.  The fact that the information Plaintiff seeks will not conclusively establish liability does not persuade the Court that the subpoena should be quashed.  To hold otherwise would impose a standard inconsistent with the Federal Rules of Civil Procedure.  Thus, the Court will not quash the subpoena based upon the alleged attenuation between Doe #15's possible participation in a swarm and actual copyright infringement.

Finally, Doe #15 contends the subpoena should be quashed upon severance of Defendants.  On this point, the Court notes that misjoinder is not among the grounds listed for quashing a subpoena under Fed. R. Civ. 45.  But even if Rule 45 contemplated quashing a subpoena on this basis, the Court is not persuaded that severance is appropriate at this stage in the litigation.  (*See* docket #27.)

## III.     Conclusion

For the reasons stated above, the Court finds that Doe #15 has not demonstrated that the subpoena should be quashed.  Therefore, Doe No. 15's Amended Motion to Quash  [filed July 19, 2013; docket #22] is **DENIED**.

Dated at Denver, Colorado, this 7th day of August, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge