IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01121-WYD-MEH

VOLTAGE PICTURES, LLC, a California Limited Liability Company,

   Plaintiff,

v.

DOES 1-3, 5-11, 13-22,

   Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Doe No. 15's Amended Motion to Sever filed July 19, 2013.  This motion was referred to Magistrate Judge Hegarty.  A Recommendation of United States Magistrate Judge ("Recommendation") was issued on July 26, 2013, and is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Hegarty recommends that the Amended Motion to Sever be denied.

By way of background, Plaintiff alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected motion picture entitled "*Maximum Conviction*".  (Recommendation at 2.)  Doe No. 15 argues in his Amended Motion to Sever that joinder of the Doe Defendants was improper in this case as Plaintiff's allegations fall short of

demonstrating a right to relief with respect to or arising out of the same transaction or series of transactions.  (*Id.* 7.)  Doe No. 15 also contends that the allegations fail to show a question of law or fact common to all Defendants in this case, and asks the Court to find pursuant to Fed. R. Civ. P. 20(b) that joinder would prejudice the Defendants.  (*Id.*)

Magistrate Judge Hegarty recommends that Doe No. 15's motion be denied, finding that Doe No. 15 did not meet his burden of showing that severance pursuant to Fed. R. Civ. P. 21 is proper at this stage of the litigation.  (Recommendation at 12.)  He first addressed Doe No. 15's arguments that Plaintiff failed to satisfy the requirements of Fed. R. Civ. P. 20(a).  (*Id.* 7-9.)  Magistrate Judge Hegarty found persuasive Judge Arguello's ruling in a similar case, *Patrick Collins, Inc. v. John Does 1-15*, No. 11-cv-02164-CMA-MJW, 2012 WL 41536 (D. Colo. Feb. 8, 2012).  (*Id.*)  As in the *Patrick Collins* case, Magistrate Judge Hegarty found that "the allegations are sufficient to demonstrate that the Doe Defendants, all located in Colorado, engaged in downloading and uploading the same file (motion picture) identified by a unique hash number during a relatively short time period."  (*Id.* 8.)  Similarly, he noted Plaintiff's allegations "that each Defendant engaged in direct and contributory infringement of its protected film". (*Id.*)  Thus, it was recommended that the Court find that Plaintiff's allegations meet the requirements of Rule 20(a)(2)(A).  (*Id.* 8-9.)  Moreover, Magistrate Judge Hegarty found, as did Judge Arguello in the *Patrick Collins* case, that "the present matter requires proof of the same elements against each Defendant and involves the same allegations concerning the Defendants' use of the BitTorrent protocol."  (*Id.* 9.)  Thus, he

recommends finding that Plaintiff has met the requirements of Rule 20(a)(2)(B) regarding a common question of law or fact.  (*Id.*)

The Recommendation then turned to Plaintiff's argument of prejudice. Magistrate Judge Hegarty acknowledged that courts have reached different conclusions regarding whether to address the issue of joinder prior to permitting discovery (Recommendation at 9), but found that "joinder at an early stage of the litigation in these types of cases promotes judicial efficiency and economy."  (*Id.* 10.)  He further found that "[g]iven the inevitable disclosure of the information at issue in the subpoena, it seems judicial efficiency is best promoted by declining to reach the question of joinder at this time."  (*Id.* 11.)  Magistrate Judge Hegarty also found that "Doe #15 offers no persuasive argument that the Court will be inconvenienced or that he will be unduly prejudiced by the joinder of Doe Defendants at the early stage of litigation."  (*Id.*)

On August 8, 2013, Doe No. 15 filed a timely Objection to the Recommendation. Defendant's timely objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967)) (internal quotation marks omitted)). While the court may place whatever reliance on the magistrate judge's

"recommendation its merit justifies, the court must review the record in light of its own independent judgment." *Id.*

Having reviewed the Objection, I find no merit to the arguments made therein. Doe No. 15 argues that I should find an opinion of Judge Martinez that joinder was improper more persuasive than Judge Arguello's opinion noted above. *See Malibu Media, LLC v. John Does 1-5*, No. 12-cv-01405-WJM, 2012 WL 3030300 (July 25, 2012). In support of his decision in the above-referenced *Malibu Media* case, Judge Martinez cited to an opinion of Judge Spero in *Hard Rock Products, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011). According to Plaintiff, the "reasoning and logic" of Judge Spero's opinion "trumps that of Judge Arguello." (Objection at 2.) I disagree, and reject this argument.

Magistrate Judge Hegarty conducted a thorough analysis of Doe No. 15's challenge to joinder under Fed. R. Civ. P. 20(a)(2)(A) and (B), as well as his argument of prejudice. Based on this analysis, I am satisfied that Plaintiff has satisfied the requirements of Rule 20(a)(2) at this stage of the litigation. I also agree with Magistrate Judge Hegarty that judicial efficiency is best promoted by declining to reach the question of joinder at this time, and that Doe No. 15 has not offered a persuasive argument that he will be unduly prejudiced by joinder at this early stage of the case. Contrary to Plaintiff's speculation, Magistrate Judge Hegarty is well versed in the "BitTorrent protocol" and the "technical jargon" of these cases, and I have no reason to believe that he was "overcome" by that jargon. (*See* Objection at 3.) In short, Doe No. 15 has not shown grounds that require rejection of the Recommendation. I also note

that similar motions in other cases in this Court have been routinely denied. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated July 26, 2013 (ECF No. 27) is **AFFIRMED AND ADOPTED**.  Plaintiff's Objection to the Recommendation (ECF No. 31) is **OVERRULED**.  It is

FURTHER ORDERED that Doe No. 15's Amended Motion to Sever filed July 19, 2013 (ECF No. 23) is **DENIED**.

Dated:  August 15, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge